# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR BOWLSON,<br><br>　　　　Petitioner,<br><br>　v.<br><br>USP–ATWATER WARDEN,<br><br>　　　　Respondent. | Case No. 1:18-cv-00753-SAB-HC<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS<br><br>(ECF No. 11) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner has moved for appointment of counsel. (ECF No. 11). There currently exists no absolute right to appointment of counsel in habeas proceedings. See, e.g., Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir. 1958). However, the Criminal Justice Act authorizes the appointment of counsel at any stage of the proceeding for financially eligible persons if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). See also Rule 8(c), Rules Governing Section 2254 Cases.[1] To determine whether to appoint counsel, the "court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

---

[1] The Rules Governing Section 2254 Cases apply to § 2241 habeas petitions. See Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254.).

1

Petitioner argues that counsel should be appointed because the petition raises complex legal issues and Petitioner has been diagnosed with a mental illness. Upon review of the petition and the motion for appointment of counsel, the Court finds that Petitioner appears to have a sufficient grasp of his claims and the legal issues involved and that he is able to articulate those claims adequately. The legal issues involved are not extremely complex, and Petitioner does not demonstrate a likelihood of success on the merits such that the interests of justice require the appointment of counsel at the present time.

Additionally, Petitioner asks for an extension of time to respond to Respondent's motion to dismiss as Petitioner waits for appointment of counsel. Although the Court is not appointing counsel, the Court will grant Petitioner additional time to respond to the motion to dismiss.

Accordingly, IT IS HEREBY ORDERED that:

1. The motion for appointment of counsel is DENIED; and
2. Petitioner is GRANTED to and including September 7, 2018, to file a response to Respondent's motion to dismiss.

IT IS SO ORDERED.

Dated: **August 8, 2018**

UNITED STATES MAGISTRATE JUDGE