# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR BOWLSON,<br><br>        Petitioner,<br><br>    v.<br><br>USP–ATWATER, WARDEN,<br><br>        Respondent. | Case No. 1:18-cv-00753-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>(ECF No. 10) |

    Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

    Petitioner is currently incarcerated at the United States Penitentiary in Atwater, California. On February 11, 2003, Petitioner was convicted by a jury in the United States District Court for the Eastern District of Michigan of five counts of bank robbery, in violation of 18 U.S.C. § 2113(a), and two counts of using, carrying, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). United States v. Bowlson, 148 F. App'x 449, 450–51 (6th Cir. 2005). On September 2, 2005, the United States Court of Appeals for the Sixth Circuit affirmed Petitioner's convictions, but vacated his sentence and remanded for resentencing

in accordance with United States v. Booker, 543 U.S. 220 (2005). Bowlson, 148 F. App'x at 456. On June 20, 2007, the district court resentenced Petitioner. Amended Judgment, United States v. Bowlson, No. 2:01-cr-80834-AJT (E.D. Mich. June 20, 2007), ECF No. 303. The Sixth Circuit dismissed the appeal. (ECF No. 10 at 11).[1]

On June 23, 2008, Petitioner filed a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. § 2255 Motion, Bowlson, No. 2:01-cr-80834-AJT (E.D. Mich. June 23, 2008), ECF No. 315. The motion was denied. Id., ECF No. 327. On June 27, 2016, Petitioner moved for authorization to file a second or successive § 2255 motion, seeking to vacate his § 924(c) convictions in light of Johnson v. United States, 135 S. Ct. 2551 (2015). Motion, In re Bowlson, No. 16-1905 (6th Cir. June 27, 2016), ECF No. 1. The Sixth Circuit denied the motion, finding that "Bowlson has not made the prima facie showing required under § 2255(h)(2) because *Johnson* did not invalidate the definition of 'crime of violence' that is set forth in 18 U.S.C. § 924(c)(3)(B)." (ECF No. 10 at 12).

On June 4, 2018, Petitioner filed the instant petition for writ of habeas corpus, challenging the sentence imposed by the United States District Court for the Eastern District of Michigan. (ECF No. 1 at 1). Petitioner argues that the definition of crime of violence in 28 U.S.C. § 924(c)(3) is unconstitutionally vague and that his bank robbery offenses could not serve as predicates for § 924(c) purposes because there was no actual force or violence as Johnson requires. (ECF No. 1 at 6). On July 26, 2018, Respondent filed a motion to dismiss for lack of jurisdiction. (ECF No. 10). On September 5, 2018, Petitioner filed his response. (ECF No. 13). The parties have consented to the jurisdiction of the United States Magistrate Judge. (ECF Nos. 7, 9).

## II.

## DISCUSSION

### A. Jurisdiction Under 28 U.S.C. § 2241

A federal court may not entertain an action over which it has no jurisdiction. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) (per curiam). A federal prisoner who wishes to

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez, 204 F.3d at 865. If the instant petition is properly brought under 28 U.S.C. § 2241, this Court, as the custodial court, has jurisdiction. Conversely, if the instant petition is in fact a disguised § 2255 motion, it must be heard in the United States District Court for the Eastern District of Michigan, which imposed Petitioner's sentence.

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the

standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

The Ninth Circuit has "not yet resolved the question whether a petitioner may ever be actually innocent of a noncapital sentence for the purpose of qualifying for the escape hatch." Marrero v. Ives, 682 F.3d 1190, 1193 (9th Cir. 2012). In Marrero, the Ninth Circuit held that "the purely legal argument that a petitioner was wrongly classified as a career offender under the Sentencing Guidelines is not cognizable as a claim of actual innocence under the escape hatch." Id. at 1195. The Marrero court also discussed, but did not endorse, the following exceptions recognized in other circuits to the general rule that a petitioner cannot assert a cognizable claim of actual innocence of a noncapital sentencing enhancement:

> First, some courts have held that a petitioner may be actually innocent of a sentencing enhancement if he was factually innocent of the crime that served as the predicate conviction for the enhancement. Second, some courts have suggested that a petitioner may qualify for the escape hatch if he received a sentence for which he was statutorily ineligible. And third, some courts have left open the possibility that a petitioner might be actually innocent of a sentencing enhancement if the sentence resulted from a constitutional violation.

Marrero, 682 F.3d at 1194–95 (citations omitted).

Regardless, even if a petitioner may assert a cognizable claim of actual innocence of a noncapital sentencing enhancement, Petitioner has failed to do so here. Petitioner relies on Johnson v. United States, 135 S. Ct. 2551 (2015), to support his claim of actual innocence. Johnson held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act [18 U.S.C. § 924(e)(2)(B)] violates the Constitution's guarantee of due process . . . [but] does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." Johnson, 135 S. Ct. at 2563. Petitioner argues that the definition of crime of violence in 28 U.S.C. § 924(c)(3)(B) is unconstitutionally

vague and that Petitioner's bank robbery offenses could not serve as predicates for § 924(c) purposes because there was no actual force or violence as Johnson requires. (ECF No. 1 at 6).

Section 924(c) proscribes a mandatory consecutive imprisonment term for using or carrying a firearm "during and in relation to any crime of violence," 18 U.S.C. § 924(c)(1)(A), which is defined as "an offense that is a felony and—"

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). "Clause (A) of this definition is known as the 'force clause' and clause (B) is known as the 'residual clause.'" United States v. Watson, 881 F.3d 782, 784 (9th Cir. 2018) (per curiam), cert. denied, No. 18-5022, 2018 WL 3223705 (U.S. Oct. 1, 2018) (mem.).

Here, Petitioner has failed to establish a claim of actual innocence. Even assuming that 28 U.S.C. § 924(c)(3)(B) is void for vagueness based on Johnson,[2] bank robbery "by force and violence, or by intimidation" under § 2113(a) qualifies as a "crime of violence" under § 924(c)(3)(A), the "force clause." Watson, 881 F.3d at 784; United States v. McBride, 826 F.3d 293, 296 (6th Cir. 2016), cert. denied, 137 S. Ct. 830 (2017). Accordingly, the Court finds that Petitioner has failed to establish a cognizable claim of actual innocence for purposes of qualifying to bring a § 2241 habeas petition under the escape hatch or savings clause of 28 U.S.C. § 2255(e). Therefore, this Court lacks jurisdiction over the petition.

**B. Certificate of Appealability**

"Where a petition purportedly brought under § 2241 is merely a 'disguised' § 2255 motion, the petitioner cannot appeal from the denial of that petition without a [certificate of

---

[2] There is a circuit split regarding whether § 924(c)(3)(B) is unconstitutionally vague after Johnson and the Supreme Court's recent decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). See United States v. Douglas, No. 18-1129, 2018 WL 4941132 (1st Cir. Oct. 12, 2018) (upholding § 924(c)(3)(B) under case-specific approach); Ovalles v. United States, No. 17-10172, 2018 WL 4830079 (11th Cir. Oct. 4, 2018) (en banc) (upholding § 924(c)(3)(B) under case-specific approach); United States v. Barrett, 903 F.3d 166 (2d Cir. 2018) (upholding § 924(c)(3)(B) under case-specific approach); United States v. Davis, 903 F.3d 483 (5th Cir. 2018) (per curiam) (finding § 924(c)(3)(B) unconstitutionally vague); United States v. Eshetu, 898 F.3d 36, 37 (D.C. Cir. 2018) (per curiam) (finding § 924(c)(3)(B) unconstitutionally vague); United States v. Salas, 889 F.3d 681 (10th Cir. 2018) (finding § 924(c)(3)(B) unconstitutionally vague).

5

appealability].'" Harrison, 519 F.3d at 958. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

A court should issue a certificate of appealability if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)). In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

///

///

## III.
## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 10) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED;
3. The Clerk of Court is DIRECTED to CLOSE the case; and
4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __October 29, 2018__

_____
UNITED STATES MAGISTRATE JUDGE